| Bedessee v Bedessee |
| :---: |
| 2024 NY Slip Op 31154(U) |
| April 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507184/2022 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
------------------------------------------x
NAWSHAD BEDESSEE,

                      Plaintiffs,       Decision and order

        - against -               Index No. 507184/2022

VERMAN BEDESSEE, RAYMAN BEDESSEE,
INVOR BEDESSEE, BEDESSEE IMPORTS INC.,
ANDREW BEDESSEE CORP., BEDESSEE HOLDINGS
INC., BEDESSEE EAST-WEST INDIAN FOOD, INC.
D/B/A BEDESSEE SPORTING GOODS, and
OTHER XYZ CORPORATIONS 1-10,
the true names of which are unknown
to the Plaintiff,                   April 4, 2024

                      Defendant,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN       Motion Seq. #7

     The plaintiff has moved seeking to dismiss numerous affirmative defenses pursuant to CPLR §3211. The defendants have opposed the motion. Papers were submitted by all parties and after reviewing all the arguments, this court now makes the following determination.

     As recorded in prior orders, the plaintiff and the defendants are all brothers and all assumed control of their father's businesses upon his death in 2017. The complaint alleges, among other improprieties, that defendant, Verman Bedessee the managing member of the business, is diverting business assets to his other wholly owned businesses and to pay personal expenses. The complaint further alleges the defendant utilizes employees of the entities to work for his own wholly owned companies thereby ruining the financial stability of the defendant entities. The complaint alleges causes of action for a declaratory judgement, an

[*1]

accounting, breach of fiduciary duty, constructive trust, conversion, corporate waste and unjust enrichment. The defendant answered and asserted various counterclaims and affirmative defenses. The plaintiff has now moved seeking to dismiss many of the affirmative defenses. As noted the motion is opposed.

## Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the pleading as true, whether the party can succeed upon any reasonable view of those facts (Davids v. State, 159 AD3d 987, 74 NYS3d 288 [2d Dept., 2018]). Further, all the allegations in the pleading are deemed true and all reasonable inferences may be drawn in favor of the party that asserted the pleading (Dunleavy v. Hilton Hall Apartments Co., LLC, 14 AD3d 479, 789 NYS2d 164 [2d Dept., 2005]).

The second affirmative defense merely states that "plaintiff is estopped from asserting his claims" (see, Answer to Amended Complaint and Amended Counterclaims, ¶97 [NYSCEF Doc. No. 182]). Further, paragraphs 99 and 110 of the answer likewise assert affirmative defenses of estoppel. To assert a claim of equitable estoppel the defendants must allege concerning plaintiff "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The party

2

[* 2]

asserting estoppel must show with respect to himself: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position" (see, Adams v. Washington Group LLC, 11 Misc3d 1083(A), 819 NYS2d 846 [Supreme Court Kings County 2006]). The counterclaims allege that the plaintiff Nawshad utilized his position with the company to the detriment of the company and that he further harmed the company in numerous ways (see, Counterclaims ¶¶21-73 [NYSCEF Doc. No. 182]). While those allegations will be subject to discovery, at this juncture the affirmative defenses are valid.

Next, the plaintiff seeks to dismiss the affirmative defense of ex turpi causa non oritur actio which means essentially that the plaintiff cannot pursue claims that arise from his own tortious conduct and similarly, unclean hands. Considering the facts of this case, these affirmative defenses really allege the same defense, namely that the plaintiff engaged in improper conduct and therefore cannot benefit from his wrongdoing. Therefore, the more commonly known and broad defense of unclean hands applies. Thus, the duplicative affirmative defense of ex turpi causa non oritur actio is hereby dismissed.

The next affirmative defense asserts the statute of frauds. There may be allegations, subject to discovery, concerning whether there is an unwritten agreement regarding the transfer of land. Therefore, this defense may be relevant. If no such issue arises

3

in this case the plaintiff may move again seeking this dismissal. Likewise, the affirmative defense of statute of limitations may be relevant. Upon the conclusion of all discovery the plaintiff may move again seeking its dismissal.

Upon consent, the affirmative defenses related to the Dead Man's Statute, constructive trust and knowingly naming improper parties are hereby dismissed.

The motion seeking to dismiss the affirmative defenses of standing and forum non conveniens is denied. There are disputes whether the plaintiffs are members of all the corporations and forum non conveniens may be asserted as an affirmative defense.

The motion seeking to dismiss the counterclaims contained in paragraphs 112 and 114 regarding Bedessee Imports Ltd., a non-party to the action is granted. The request to dismiss paragraph 113 regarding the failure to include Bedessee Imports Ltd., as an indispensable party is denied.

The motion seeking to dismiss paragraph 115 which asserts that any allegation that has not been answered is denied is hereby dismissed.

So ordered.

ENTER:

DATED: April 4 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

4

[* 4]